The plaintiff must appear upon the pleadings to have sustained an injury. It is not sufficient if it appears that the defendant has done wrong, if that wrong was not done to the plaintiff. Had the bond on which the suit is brought been made to the plaintiff, a breach alone would have given an action to the plaintiff and have entitled him to nominal damages at least; for a bare breach of the contract was an injury to him. He had a right to claim a performance, the defendant having stipulated with him
giving him that right; but this bond not having been made payable to him or any of the covenants to be performed to him specially, (97) he should have shown in his declaration how he was injured thereby, and a demurrer would have been fatal; for upon the declaration it does not appear but that he is an officious intermeddler, and the act of Assembly of 1793, authorizing suits to be brought upon certain official bonds (and of this kind among the rest) without an assignment, is in accordance with the principle requiring the plaintiff in his declaration to show how he has been injured by a breach; but a defective declaration may be cured by the defendant's plea and the plaintiff's replication, provided that the replication is not a departure from the declaration, but maintains and fortifies it. In this case the breach is general — that the defendant did not perform his covenants or conditions. The defendant pleads that the conditions were performed, and that they were not broken. The latter plea goes to negative covenants, and as none such are in the condition it is therefore unnecessary to consider it; the other alleges a performance; the plaintiff replies and sets forth this special breach in violating a decree of the court in which he was interested. *Page 60 
This is no departure from his declaration, and is an answer to the plea. Taking the pleadings together, then, it appears that if the plaintiff's allegations are true, that he has sustained special damages by a breach of the condition, and that this is not an officious suit, and the defendant's rejoinder, either upon record or in evidence, is a clear departure from his plea. In his plea he says that he has performed the conditions; in his rejoinder he offers an excuse for his nonperformance, to wit, that he never was called on by the plaintiff to perform it. I think, therefore, the question whether the plaintiff ever called on the defendant to perform the service is not put in issue; and if it were it would be a departure; it would be taking the plaintiff by surprise to require proof of it; in fact, the defendant's plea admits it by alleging a performance. If the defendant intended to have made it a ground of defense he should have pleaded "always ready," etc. 1 Chitty on Pleading, 401; 1 Saunders, (98) 228. The cases cited and relied on by the plaintiff's counsel as to the second point, I think, are full and conclusive, particularly 12 Mod., 414. The other objection is that this was not an official act. For the reasons assigned by the Chief Justice, I think there can be little doubt that the clerk acted officially in every part of the business; but surely there can be none as to that part of the decree which requires that he should deliver over the bonds to the complainants, his office was the proper place for their deposit, and he as clerk was bound to act with regard to them according to the order of the court.
HALL, J., concurred.
PER CURIAM. No error.
Cited: S. v. Gaines, 30 N.C. 170; Kerr v. Brandon, 84 N.C. 131; Smithv. Patton, 131 N.C. 397; Hannah v. Hyatt, 170 N.C. 638.